**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ANABEL REYES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PETER B. HEGSETH,** in his official capacity as Secretary of Defense;<br><br>**JULES W. HURST,** in his official capacity as Under Secretary of Defense for Personnel and Readiness;<br><br>**JOHN C. PHELAN,** in his official capacity as Secretary of the Navy;<br><br>**BOARD FOR CORRECTION OF NAVAL RECORDS,**<br>**Defendants.** | **Civil No. 4:25-cv-11053-MRG** |

**MEMORANDUM AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT [ECF Nos. 28 & 35]**

**GUZMAN, J.**

Plaintiff Anabel Reyes was discharged from the Navy in 2009 under the policy known as Don't Ask, Don't Tell ("DADT"). Years later, after two rounds of proceedings before the Naval Discharge Review Board ("NDRB"), she obtained the relief contemplated by a 2011 Department of Defense ("DoD") policy memorandum (the "Stanley Memorandum") for veterans discharged under DADT, including an upgraded characterization of service, a narrative reason for separation of "Secretarial Authority" and a reentry code permitting reenlistment.

In 2020, Reyes petitioned the Board for Correction of Naval Records ("BCNR" or "Board") for additional relief. She sought to change her narrative reason for separation to

"Completion of Required Active Service" and to change her separation date to reflect the additional two years of her enlistment that she did not serve. She contends that those changes would qualify her for greater veterans' benefits.

In her application to the BCNR, Reyes also argued that the investigation leading to her discharge was unauthorized and improper. The BCNR's decision, however, does not adequately explain how it considered that contention. Reyes identified a specific Navy regulation concerning investigations into a servicemember's sexual orientation, cited evidence that she contended demonstrated that the regulation's requirements had not been satisfied, and explained why, in her view, the resulting investigation was therefore improper. The BCNR did not specifically address the Navy regulation, the evidence Reyes identified, or the legal authority on which she relied.

Instead, the Board stated only that it had "determined that there was no impropriety or inequity with the circumstances surrounding" her "discharge." Because the Board's decision does not adequately explain its treatment of a material contention supported by evidence in the administrative record, remand is warranted.

Accordingly, the Court **GRANTS IN PART** Reyes's motion for summary judgment [ECF No. 28], **DENIES IN PART** Defendants' cross-motion [ECF No. 35], and **VACATES** and **REMANDS** the BCNR's decision for further proceedings consistent with this decision.

Although the parties have ably briefed and argued the broader challenges to the constitutionality and lawfulness of the Stanley Memorandum, the Court does not reach those issues.[1] This case can and should be resolved on narrower grounds. "[I]f it is not necessary to decide more, it is necessary not to decide more." Rhode Island v. Shell Oil Prods. Co., 35 F.4th

[1] The Court particularly commends Plaintiff's counsel Madhuri Venkateswar, who argued this motion while still a law student, for her able advocacy at oral argument.

44, 53 (1st Cir. 2022) (quoting PDK Laboratories Inc. v. D.E.A., 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment)).

## I. FACTUAL BACKGROUND

The following facts, which are drawn from the administrative record ("AR"),[2] are undisputed unless otherwise noted.

Reyes enlisted in the Navy in July 2007. [AR 1]. In 2009, a shipboard non-judicial punishment for a minor bunk-space violation led her commanding officer, Captain Howard, to question her and another sailor. [AR 34, 39–40]. Reyes was found guilty of the violation. [AR 34–35]. Captain Howard later wrote that nothing in that inquiry involved, or gave him reason to ask about Reyes's sexual orientation:

> Neither the charge, supporting statements, nor other information I heard in my detailed questioning of her and witnesses at those proceedings included allegations or evidence of sexual misconduct. ***I was presented with no reason to consider asking Ms. Reyes or the other Sailor about sexual orientation.*** I found her and the other Sailor guilty of an orders violation and awarded appropriate punishment within my authority under Article 15.

[AR 34 (emphasis added)]. Several months later, the ship's master-at-arms, Senior Chief Tooker, separately questioned Reyes about whether she was in a relationship with another servicemember. [AR 16–17, 138]. Reyes initially denied it. [AR 16]. Senior Chief Tooker then pressed her further and told her she would be charged with making false statements if she continued to deny it. [AR 16]. After consulting the ship's chaplain, Reyes acknowledged that she was in a relationship with another sailor. [AR 16, 138–39].

[2] The administrative record is docketed at ECF No. 21 through ECF No. 21-2. Pincites in this Order correspond to the bates-stamped "AR" page numbers appearing on the record itself (*e.g.*, "AR 0001"), not to CM/ECF header pagination.

Reyes was discharged in October 2009 under the since-repealed law, 10 U.S.C. § 654, known as DADT,[3] with a General (Under Honorable Conditions) characterization, a narrative reason of "Homosexual Conduct (Acts)," and a RE-4 reentry code barring reenlistment. [AR 94].

Following DADT's repeal, Reyes petitioned the NDRB twice, in 2011 and 2018, and received partial relief. Her narrative reason was changed to "Secretarial Authority," and by 2018 her characterization was upgraded to Honorable and her reentry code changed to permit reenlistment. [AR 100, 104–06].

In 2020, Reyes petitioned the BCNR for the relief the NDRB could not grant: a narrative reason of "Completion of Required Active Service" and a separation date reflecting her full four-year enlistment, which she contended would qualify her for greater G.I. Bill benefits. [AR 4–5, 10–11].

In her application, Reyes also challenged the circumstances that led to her original discharge. She argued that the investigation into her sexual orientation was improper under MILPERSMAN 1910-148,[4] which she represented required appropriate authorization and credible information before a fact-finding inquiry into a servicemember's sexual orientation could be undertaken. [AR 23–24]. Reyes argued that Senior Chief Tooker lacked credible information for the inquiry, relying on Captain Howard's statement that the earlier bunk-violation proceeding gave him no reason to ask about her sexual orientation, and separately argued that Senior Chief Tooker

[3] DADT was codified at 10 U.S.C. § 654 and repealed effective September 20, 2011, by the Don't Ask, Don't Tell Repeal Act of 2010, Pub. L. No. 111-321, 124 Stat. 3515 (2010).

[4] The Court refers to MILPERSMAN—the Naval Military Personnel Manual—as a "regulation" for convenience. It does not decide whether MILPERSMAN in fact constitutes a regulation, as opposed to internal guidance, or what bearing that characterization has on Reyes's application; those questions, like the questions addressed in note 9, are for the Board to consider in the first instance. See generally Winston v. United States, 177 Fed. Cl. 304, 311 n.5 (2025) (noting that MILPERSMAN "is issued pursuant to authority granted in the U.S. Department of the Navy, U.S. Navy Regulations, 1990, art. 0105 (Sept. 14, 1990)").

was not authorized to investigate her sexual orientation in the first place. [AR 23–24]. She also relied on McVeigh v. Cohen, 983 F. Supp. 215 (D.D.C. 1998), for the proposition that an investigation initiated without credible information could "violate[] the very essence" of DADT. [AR 24].

The BCNR denied relief in a three-page decision. [AR 1–3]. It recited six mitigating contentions Reyes had raised: continuing harm from her discharge, stigma from her narrative reason, the choice between "outing" herself and risking a discrimination-based denial of employment, the tension between privacy and financial need, reduced G.I. Bill eligibility, and her record of post-service integrity. [AR 2]. It found none of them sufficient.

The BCNR addressed Reyes's challenge to the circumstances of her discharge in a single sentence:

> The Board initially determined that there was no impropriety or inequity with the circumstances surrounding your discharge processing and that your separation was legally and factually sufficient and in accordance with all Department of the Navy directives and policy at the time of your discharge.

[AR 2]. The Board did not address the regulation on which Reyes relied, the evidence she identified, or the authority she cited in support of her contention that the investigation itself was unauthorized. Nor did it explain why that evidence and authority did not establish an impropriety in the investigation.

In April 2025, Reyes filed this suit, asserting that the Stanley Memorandum and the BCNR's decision violate due process, equal protection, and 10 U.S.C. § 1552, and that the BCNR's decision was arbitrary and capricious under the Administrative Procedure Act ("APA").[5] The

[5] 5 U.S.C. § 706(2)(A)–(B) (providing that courts must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or that is "contrary to constitutional right, power, privilege, or immunity.").

parties cross-moved for summary judgment, and the Court heard argument on April 23, 2026. [ECF Nos. 28, 35, 41].

The Court addresses only the latter claim. Because the BCNR did not adequately explain its treatment of Reyes's challenge to the investigation underlying her DADT discharge, the Court cannot determine whether the Board properly considered that material contention. The appropriate remedy is therefore to vacate the decision and remand to the BCNR for further proceedings.

## II. STANDARD OF REVIEW

In the APA context, "a motion for summary judgment is simply a vehicle to tee up a case for judicial review." Bos. Redevelopment Auth. v. Nat'l Park Serv., 838 F.3d 42, 47 (1st Cir. 2016) (citations omitted). The Court therefore does not resolve disputed facts or decide whether an agency's decision was correct; it asks whether the agency acted arbitrarily and capriciously. Id. (citing, *inter alia*, 5 U.S.C. § 706(2)(A)). An agency acts arbitrarily and capriciously when it "relied on improper factors, failed to consider pertinent aspects of the problem, offered a rationale contradicting the evidence before it, or reached a conclusion so implausible that it cannot be attributed to a difference of opinion or the application of agency expertise." Id. (quoting Assoc'd Fisheries of Maine, Inc. v. Daley, 127 F.3d 104, 109 (1st Cir. 1997)) (internal quotation marks omitted). A BCNR decision is a final agency action reviewable under the APA. Mahoney v. Del Toro, 99 F.4th 25, 34 (1st Cir. 2024).

Review of a BCNR decision is "unusually deferential" because 10 U.S.C. § 1552(a)(1) authorizes correction of a military record only when the Secretary "considers it necessary." Taylor v. Cao, 180 F.4th 385, 393 (1st Cir. 2026) (citation omitted). But deference has a floor. Even under the most deferential standard, the Board must provide "a rational connection between the facts found and the choice made," Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463

U.S. 29, 43 (1983) (cleaned up), and may not "merely parrot[] the language of a statute [or policy] without providing an account of how it reached its results." Dickson v. Sec'y of Def., 68 F.3d 1396, 1405 (D.C. Cir. 1995).

That requirement includes addressing nonfrivolous arguments that could affect the outcome. A Board's failure to do so is arbitrary and capricious because, if the Board rejects an argument, it "must expressly indicate that it has done so" and explain why. Puerto Rico Higher Educ. Assistance Corp. v. Riley, 10 F.3d 847, 853 (D.C. Cir. 1993); see also Frizelle v. Slater, 111 F.3d 172, 177 (D.C. Cir. 1997); Pettiford v. Sec'y of Navy, 774 F. Supp. 2d 173, 185 (D.D.C. 2011); Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.D.C. 2005). Otherwise, neither the applicant nor the reviewing court can determine whether the Board considered and rejected the argument or simply overlooked it. Puerto Rico Higher Educ. Assistance Corp., 10 F.3d at 853. As one court put it, "the Court cannot defer into a void." Rutledge v. Del Toro, No. 23-CV-1583, 2024 WL 3225958, at *7 (D.D.C. June 28, 2024) (explaining that "the [BCNR] must adequately explain its reasoning and address each nonfrivolous argument that a petitioner raises").

Courts applying these principles to military-board decisions have accordingly remanded where the Board's explanation failed to address an argument the applicant actually presented.[6]

## III. DISCUSSION

Reyes raised, in a discrete and legally developed section of her application, the contention that Senior Chief Tooker's investigation of her sexual orientation was unauthorized and unsupported by credible information, which she argued was inconsistent with MILPERSMAN 1910-148 and McVeigh. [AR 22–26]. At oral argument, counsel for Defendants initially

[6] See, e.g., Doe v. Emmert, No. 23-cv-13112, 2025 WL 915700, at *8–9 (D. Mass. Mar. 26, 2025); Machado v. Driscoll, No. 25-cv-42, 2026 WL 851209, at *8 (D.N.H. Mar. 26, 2026); Tennekoon v. Fanning, 156 F. Supp. 3d 208, 218–19 (D.D.C. 2016); Rutledge, No. 23-CV-1583, 2024 WL 3225958, at *7.

represented that the impropriety of the investigation "was not the basis of her application to the board."[7] But the record does not bear that out. The application's supplemental brief devotes an entire subsection to the argument, captioned "Ms. Reyes's discharge was unjust because it resulted from an unlawful investigation of her sexual orientation," and develops it over several pages with citation to a specific Navy regulation and pertinent case law. [AR 22–26]. The Board's own decision confirms it was aware of the contention: it recites, from the opening paragraph of Reyes's supplement, her assertion that she "was the target of an improper and unjust investigation that resulted in her discharge from the Navy" carried out by a superior who, "[c]ontrary to [DADT] regulations then in effect," "set out to reveal [her] sexual orientation." [AR 4 (quoting AR 14)]. The Board's own recitation of the contention forecloses Defendants' suggestion that Reyes failed to present it.

That contention was neither frivolous nor immaterial. Reyes invoked the language of a specific Navy regulation, authority concerning that regulation, and record evidence, including Captain Howard's statement that the earlier bunk-violation proceeding gave him no basis to question anyone's sexual orientation. [AR 34]. Reyes argued that, if the regulation applied and the relevant record evidence were credited, those circumstances could bear on whether her discharge was an "injustice" within the Board's remedial authority under 10 U.S.C. § 1552(a)(1). [AR 28]. Yet Defendants identify no portion of the Board's decision that addresses the argument on the merits. Their briefing discusses the Board's treatment of Reyes's stigma-based and G.I. Bill-based contentions at length but says nothing about this one.

[7] Tr. of Mot. Hr'g held on Apr. 23, 2026, at 12:8–9. The Court's citation to the hearing transcript is to the Court Reporter's original, unedited version, on file with the Court. The final version may have slightly different line and/or page numbers.

The Board's response to this contention consisted of a single sentence stating that it found "no impropriety or inequity" in the circumstances surrounding Reyes's discharge and that her separation was legally and factually sufficient and in accordance with Department of the Navy directives and policy. [AR 2]. It did not reference MILPERSMAN 1910-148, McVeigh, Senior Chief Tooker, or Captain Howard's letter, nor did it identify what evidence or standard supported that conclusion. The Board's general statement that it considered "the totality of the circumstances" and Reyes's "application together with all material submitted in support thereof" does not cure that gap. [AR 1–2]; see, e.g., Rutledge, 2024 WL 3225958, at *7–8; Pettiford, 774 F. Supp. 2d at 184–85. The Board elsewhere engaged with Reyes's stigma-based and G.I. Bill-based arguments, making its silence on this discrete contention more conspicuous. [AR 2].

Defendants correctly note[8] that 5 U.S.C. § 555(e) generally requires only a "brief statement of the grounds for denial" in the circumstances presented here. Kurshumi v. Ashcroft, 102 F. App'x 172, 175 (1st Cir. 2004). The Board therefore need not have written at length or resolved every underlying factual and legal question. But it did need to explain why it rejected a discrete challenge to the investigation based on the regulation and authority Reyes identified. See Tennekoon, 156 F. Supp. 3d at 218; Puerto Rico Higher Educ., 10 F.3d at 853. It did not.

For that reason, the Board's decision was arbitrary and capricious insofar as it failed adequately to address Reyes's contention that the investigation underlying her discharge was improper. The appropriate remedy is a remand for the Board to address that argument. The Board remains free to reach the same result, but if it rejects Reyes's investigation-based argument, it must say so and explain why.[9]

---

[8] Defs.' Mem. in Supp. of Cross-Mot. for Summ. J. & Opp'n to Pl.'s Mot. for Summ. J, ECF No. 35 at 10, 11.

[9] The Court expresses no view on whether MILPERSMAN 1910-148 applied to the investigation, what the regulation required, or whether McVeigh properly construes or otherwise

The Court does not decide today whether the Stanley Memorandum is lawful, whether it constitutes final agency action, or whether the Board's decision independently violates due process, equal protection, or § 1552 in the respects Reyes separately alleges as to the Stanley Memorandum's supposed remedial ceiling. Those questions were thoroughly briefed and argued, but resolving them now would risk deciding significant issues unnecessarily. If, on remand, the Board determines that the circumstances surrounding the investigation warrant relief, that determination could alter the premise underlying much of the parties' dispute over the Stanley Memorandum, including whether the Memorandum governs this case at all.

## IV. CONCLUSION

Plaintiff's motion for summary judgment [ECF No. 28] is **GRANTED IN PART**. Defendants' cross-motion for summary judgment [ECF No. 35] is **DENIED IN PART**. The Board's January 13, 2021 decision is **VACATED**, and this matter is **REMANDED** to the Board for further proceedings consistent with this Order. The Court does not reach Plaintiff's remaining claims. Those claims are not adjudicated by this Order and may be renewed without prejudice, as appropriate, following the Board's proceedings on remand.

**SO ORDERED.**

Dated: August 26, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

bears on that regulation. Those questions are for the Board to consider in the first instance, to the extent necessary to resolve Reyes's contention.